UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 3:22-cr-029-MPB-CSW-02 |
| v. | ) | |
| | ) | |
| JAZMYNN ALAINA BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Todd S. Shellenbarger, Assistant United States Attorney ("the Government"), and the defendant, JAZMYNN ALAINA BROWN ("the defendant"), in person and by counsel, Eric Massey, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The following are its terms and conditions:

### Part 1:  Guilty Plea and Charges

1.      **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses:

a.      Superseding Indictment Count 1, which charges that the defendant committed the offense of Conspiracy to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), and 846; and

b.      Superseding Information Count 4, which charges that the defendant committed the offense of Possession of a Firearm in Furtherance of a Drug Trafficking

Crime in violation of Title 18, United States Code, Section 924(c)(1)(A). The defendant waives her right to indictment by a grand jury with regard to this offense.

2.    **Dismissal of Count:** Following the imposition of sentence, the government will move to dismiss the following offense charged in the Superseding Indictment: Count 2, which charges that the defendant committed the offense of Conspiracy to Distribute Fentanyl Resulting in Serious Bodily Injury, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), and 846.

3.    **Potential Maximum Penalties:**

    a.    The Count 1 offense is punishable by a minimum sentence of 10 years' imprisonment and a maximum sentence of life imprisonment, a $10,000,000 fine, and 5 years' supervised release following any term of imprisonment.

    b.    Count 4 of the Superseding Information is punishable by a minimum sentence of 5 years' imprisonment and a maximum sentence of life imprisonment, a $250,000 fine, and 5 years' supervised release following any term of imprisonment. The sentence for this offense shall be served consecutive to the sentence for Count 1.

4.    **Elements of the Offense:**

    a.    To sustain the offense of Conspiracy to Distribute a Controlled Substance in Schedule I or Schedule II (Fentanyl), Superseding Indictment Count 1, the Government must prove the following elements beyond a reasonable doubt: (1) the conspiracy set forth in Count 1 of the Superseding Indictment existed; (2) the defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and (3) the conspiracy involved 400 grams or more of a mixture or substance containing a detectable amount of

2

fentanyl, N-phenyl-N-[ 1-( 2-phenylethyl )-4-piperidinyl ] propenamide, a Schedule II Narcotic Controlled Substance.

    **b.** To sustain the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), Superseding Information Count 4, the Government must prove the following elements beyond a reasonable doubt: (1) The defendant committed a drug trafficking crime as charged in Count 1 of the Superseding Indictment; and (2) The defendant possessed a firearm, during, in relation, and in furtherance of the drug trafficking crime.

### Part 2:  General Provisions

    **5.**    **Sentencing Court's Discretion Within Statutory Range:** The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory ranges set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory ranges; (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory ranges; (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense, the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6.      **Sentencing Court Not Bound by Guidelines or Recommendations:**     The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court. The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party or determines a different advisory sentencing guideline range applies in this case or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7.      **Plea Agreement Based on Information Presently Known:**     The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana. The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

8.      **No Protection from Prosecution for Unknown or Subsequent Offenses:**     The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

9.      **Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the

4

defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charges, the right to appeal the conviction on such charges to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all these rights.

### Part 3:  Sentence of Imprisonment

10.     **Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):** The parties have **not** agreed upon a specific sentence. The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

11.     **Placement:** The defendant may request that this Court recommend to the Federal Bureau of Prisons that the defendant serve any sentence of imprisonment in a specific institution. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The Government will not object to the defendant's requested recommendation.

12.     **Programs and/or Treatment:**  The defendant may request that this Court recommend to the Federal Bureau of Prisons that the defendant participate in specific programs or

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

receive specific treatment while serving any sentence of imprisonment imposed in this case. The defendant acknowledges and understands that any recommendation by the Court is only a recommendation and does not bind the Federal Bureau of Prisons. The Government will not object to the defendant's requested recommendation if one is made.

13.    **Supervised Release:**    Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

14.    **Conditions of Supervised Release:**    The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

### Part 4: Monetary Provisions and Forfeiture

### Monetary Provisions

15.    **Mandatory Special Assessment:**    The defendant will pay a total of $200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

16.    **Fine:**    The Government will not recommend the imposition of a fine in this case. However, the parties understand and agree that the Court will determine whether to impose a fine after hearing any arguments from the parties.

17.    **Restitution:**    The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court. The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change. In that event, and consistent with its statutory

obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

18.    **Financial Obligations:** The defendant understands and agrees to the following financial obligations:

a.    **Obligation to Pay:** Any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's financial obligation. The defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. The Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order and/or to collect any fine. The defendant consents to the Government's use of such legal remedies to collect the defendant's financial obligation and hereby waives any objection to such collection efforts.

b.    **Financial Disclosure:** The Defendant shall disclose to the United States Attorney's Office and the United States Probation Office all assets in which he/she has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party. The defendant shall truthfully complete the United States Attorney's Office's financial statement form and return the completed form to both the United States Attorney's Office and the United States Probation Office.

c.    **Notice of Material Changes:** Prior to sentencing, the defendant shall provide notice to the United States Attorney's Office and United States Probation Office

of any material change in the defendant's economic circumstances, within seven days of the event giving rise to the changed circumstances. Such changes shall include, but are not limited to, the transfer of any property, or the defendant's interest in any property, with a value exceeding $1,000, owned, possessed, and/or controlled directly or indirectly, individually or jointly, by the defendant.

        d.     **Failure to Disclose:** The defendant's failure to timely and accurately complete the financial statement or to provide notice of material change in economic circumstances may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

        e.     **Material Misrepresentations and Omissions:** If the defendant makes any material misrepresentation or omission in or regarding the above-described financial obligations, including failing to disclose assets in which the defendant owns, possesses, controls, or has an interest, the Government may, at its sole option, choose to be relieved of its obligations under this plea agreement. Misrepresentations and/or omissions are material if they effect the defendant's net worth by $10,000 or more.

### Forfeiture

**19.** **Property to be Forfeited.** The defendant stipulates and agrees to the forfeiture to the Government of, and to the immediate entry of a Preliminary Order of Forfeiture against the defendant pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), the following property:

        a.     one SCCY CPX-2, 9mm pistol, bearing serial number C080018;

        b.     all ammunition recovered with the firearm;

        c.     $25,565.00 in United States currency;

        d.     $4,172.00 in United States currency;

8

e.  $1,000.00 in United States currency; and

f.  all digital scales seized on October 27, 2021.

20.  **Legal Basis for Forfeiture.**  The parties stipulate and agree that the Subject Property is subject to forfeiture because it is:

a.  Property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 853.

b.  Property constituting, firearms and ammunition involved in the commission of the offense and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d).

21.  **Substitute Assets.**  The defendant acknowledges and agrees that other property that the defendant owns or has an interest in, which is not identified above as the Subject Property and is not contraband, may be subject to forfeiture as substitute assets pursuant to 21 U.S.C. § 853(p), including to satisfy the amount of any money judgment ordered in this case.

22.  **Waiver of Procedural Rights.**  The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. The defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture.  The defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the Subject Property.

23.  **Legal Effect of Forfeiture.**  The defendant understands that any forfeiture order entered by the Court is mandatory and is a part of defendant's sentence.  The defendant agrees that

9

forfeiture of the Subject Property is separate from restitution, and that the forfeiture of the Subject Property cannot be ordered by the Court to satisfy any restitution, fine, cost of imprisonment, or any other penalty the Court may impose.

**24.     Abandonment of Other Seized Property.**  The defendant understands that other property may have been seized by federal, state, or local law enforcement agencies during the investigation and prosecution of this cause, which is not identified as Subject Property and is not contraband.  If such property is not forfeited and/or has not been returned to the defendant by the date of sentencing, then the defendant agrees to abandon all right, title, and interest the defendant may have in such property, so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies without further notice or obligation whatsoever owing to the defendant.  The defendant consents to the vesting of title to such property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1.  The defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of such property.  The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of such property.  The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of such property.

### Part 5:  Factual Basis for Guilty Plea

**25.**     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offense set forth in Paragraph One, above, and that the

Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of evidence, and the government reserves the right to present additional evidence at the time of sentencing.

    a.    Between August 1, 2021, and October 27, 2021, within the Southern District of Indiana, the defendant knowingly conspired to distribute a mixture or substance containing a detectable amount of fentanyl.

    b.    The defendant knew the substance was some kind of a controlled substance.

    c.    The conspiracy involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

    d.    An investigation that was initiated by the Evansville Police Department on October 27, 2021, after the death of a child caused by fentanyl poisoning resulted in the discovery that the defendant and co-defendant Watt were working together to sell counterfeit prescription pills containing fentanyl. The defendant and Watt used a residence located on East Sycamore Street in Evansville as a base of operations for their drug distribution activity. The residence was shared by three women, including the defendant. Between them, the three women had four children living inside the residence ages 4 years, 3 years, 18 months, and 2 months. On October 26, 2021, the three older children gained access to the bedroom where the pills were kept. The children took out of the bedroom a plastic bag containing pills that had been divided for sale. The pills were spilled out of the bag and the children came into direct contact with the fentanyl pills. The defendant sub-leased a bedroom inside the East Sycamore Street residence. Bulk quantities of pills were

11

stored inside the bedroom of the residence controlled by the defendant and accessible by Watt. Pills were sold from the residence and pills were divided for sale by the defendant inside the residence.

e.      After learning that the children had accessed the pills, Watt told investigators it was his fault. Watt was taken into custody on October 27, 2021. At that time, he was in possession of approximately $25,500 in United States currency.

f.      In a statement to investigators, the defendant reported that she allowed Watt to store bulk quantities of fentanyl laced pills in her bedroom in the residence. The defendant reported to investigators that the pills were divided for sale inside the residence, that Watt regularly collected pills from the bedroom for further distribution, and that she (Brown) sold pills and directed others to sell pills from the residence.

g.      On October 27, 2021, investigators conducted a search of a residence located on East Sycamore Street in Evansville. In a bedroom inside the residence controlled by the defendant and accessible by Watt, investigators located approximately 5,750 counterfeit prescription pills marked M 30. The pills were seized and tested by the Chicago DEA laboratory. The laboratory determined that the pills were comprised of a mixture containing fentanyl a Schedule II narcotic controlled substance that poses a serious risk of death to persons using or coming into contact with the substance. The pills had a total weight of more than 400 grams. During the investigation the defendant and other participants in the conspiracy reported that the Watt used the bedroom inside the East Sycamore residence as a storage location for a bulk supply of fentanyl laced pills. Watt transferred a portion of the bulk supply to the defendant for distribution and sale to others during the conspiracy. The defendant sold several pills to a customer at the East Sycamore

Street residence on October 26, 2021. Watt regularly collected pills from the bulk supply in the bedroom himself for distribution and sale to others during the conspiracy.

### Part 6:  Other Conditions

26.    **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

27.    **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

28.    **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

### Part 7:  Sentencing Guideline Stipulations

29.    **Guideline Computations:**    Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court.  The

2024 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

    a.    **Base Offense Level for Superseding Indictment Count 1:** Pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(5) the base offense level for the offense is 30. The parties stipulate and agree that the overall scope of the conspiracy involved more than 400 grams and less than 1.2 KG of a mixture or substance containing a detectable amount of fentanyl.

    b.    **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above, the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

    c.    **Final Offense Level:** 27

d.    **Offense Level for Superseding Information Count 4:**  Pursuant to U.S.S.G. § 2K2.4, the Guideline sentence is the term of imprisonment required by statute.

**Part 8:  Waiver of Right to Appeal**

**30.    Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.    Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**31.    Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

a.    **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

b.    **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the

defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

      c.     **Motions for Compassionate Release:**  As concerns the Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Any such motion must be based on "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13.  The government reserves the right to oppose any motion for compassionate release on any grounds.

**32.**    **No Appeal of Supervised Release Term and Conditions:**  The defendant waives the right to appeal the length and conditions of the period of supervised release.

<u>**Part 9:  Presentence Investigation Report**</u>

**33.**    The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**34.**    The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## Part 10:  Immigration Consequences

**35.**     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty.  The defendant also recognizes that removal will not occur until service of any sentence imposed in this case has been completed.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Part 11:  Statement of the Defendant

**36.**     By signing this document, the defendant acknowledges the following:

a.     I have received a copy of the Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment in open Court, and all further proceedings including my arraignment.

b.     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled, and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c.     I have read the entire Plea Agreement and discussed it with my attorney.

17

d.    I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e.    Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state, or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f.    I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g.    I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h.    I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

i.    I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j.    My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive unless I have waived my right to appeal

18

as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k.      My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two-level increase in the offense level.

l.      If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty plea agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

## Part 12: Certificate of Counsel

37.     By signing this document, the defendant's attorney and counselor certifies as follows:

a.     I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment in this case;

b.     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

c.     The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

d.     In my opinion, the defendant's waiver of all reading of the Indictment  in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e.     In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

## Part 13:  Final Provision

38.    **Complete Agreement:**  The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

1-24-05
DATE

Todd S. Shellenbarger
Assistant United States Attorney

1/24/2025
DATE

Nicholas J. Linder
Chief, Criminal Division

1/23/25
DATE

Jazmynn Alaina Brown
Defendant

1/23/25
DATE

Eric Massey
Counsel for Defendant

21